82 F.3d 434
 18 ITRD 1383
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PRO-CUT INTERNATIONAL, INC., Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, APPELLEE,
Ludwig Hunger Maschinenfabrik GmbH and Hunter Engineering
Company, Intervenors.
 No. 95-1230.
 United States Court of Appeals, Federal Circuit.
 March 20, 1996.
 
 Before MICHEL, SCHALL, and BRYSON Circuit Judges.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 Pro-Cut International, Inc. ("Pro-Cut") appeals the January 10, 1995 final decision of the United States International Trade Commission ("Commission") in In the Matter of Certain Portable On-Car Brake Lathes and Components Thereof, Investigation No. 337-TA-361. In its decision, the Commission determined not to review, and thereby made final, the determination of the Administrative Judge ("AJ") holding that the disc brake lathe manufactured and imported by Ludwig Hunger Maschinenfabrik GmbH and Hunter Engineering Co. (collectively "Hunger") did not infringe the sole claim of U.S. Patent No. 4,226,146 ("the '146 patent"), which is owned by Pro-Cut. We affirm.
 
 DISCUSSION
 I.
 
 2
 The '146 patent claims, in means-plus-function form, a portable brake lathe used to resurface the faces of automobile disc brakes. Claim 1 of the patent reads as follows:[1]
 
 
 3
 A portable lathe device, intended primarily for returning of brake discs and comprising
 
 
 4
 (a) a portable driving device including a drive member and
 
 
 5
 (b) a clutch device connected with said drive member,
 
 
 6
 (c) said clutch device incorporating a centering device adapted to ascertain that the driving device and the brake disc shafts are aligned, said centering device comprising
 
 
 7
 (d) a rotatable disc for mounting to the brake disc,
 
 
 8
 (e) guiding means for aligning the rotatable disc with the brake disc and
 
 
 9
 (f) clamping means for locking the rotatable disc and the brake disc in aligned position,
 
 
 10
 (g) means for attaching said clutch device to a brake disc for rotation of the disc when still mounted on a wheel shaft and from which brake disc the vehicle wheel has been dismounted,
 
 
 11
 (h) a tool holder adjacent the driving device and provided with feed means,
 
 
 12
 (i) means for attaching said tool holder to the mounting points for a dismounted brake yoke,
 
 
 13
 (j) said tool holder including two individually adjustable lathe tools intended one for each side of the brake disc and
 
 
 14
 (k) said tool holder being moveable radially relative to the brake disc and
 
 
 15
 (l) a supporting arm rigidly connecting said last holder with said driving device to form an integral portable unit.
 
 
 16
 The AJ determined that Hunger's lathe did not infringe the '146 patent either literally or under the doctrine of equivalents. On appeal, Pro-Cut challenges only the finding of no infringement under the doctrine of equivalents.
 
 II.
 
 17
 Determining whether a claim in a patent has been infringed is a two-step process. First "[t]he patented invention as indicated by the language of the claims must ... be defined (a question of law), and then the trier must judge whether the claims cover the accused device (a question of fact)." Envirotech Corp. v. Al George, Inc., 730 F.2d 753, 758, 221 USPQ 473, 477 (Fed.Cir.1984). Because claim construction is an issue of law, we review the AJ's construction of the claims of the '146 patent de novo. Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 791, 35 USPQ2d 1255, 1259 (Fed.Cir.1995). This court reviews factual findings of the Commission under the "substantial evidence" standard. Checkpoint Sys., Inc. v. United States Int'l Trade Comm'n, 54 F.3d 756, 759-60, 35 USPQ2d 1042, 1045 (Fed.Cir.1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 760, 35 USPQ2d at 1045.
 
 
 18
 "[A] finding of infringement under the doctrine of equivalents requires proof of insubstantial differences between the claimed and accused products or processes." Hilton Davis Chemical Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1521-22, 35 USPQ2d 1641, 1648 (Fed.Cir.1995) (in banc ), cert. granted, 64 U.S.L.W. 3570 (Feb. 26, 1996). Often, the function-way-result test of Graver Tank & Manufacturing Co. v. Linde Air Products Co., 339 U.S. 605, 608, 85 USPQ 328, 330 (1950) "will suffice to show the extent of the differences." Hilton Davis, 62 F.3d at 1521, 35 USPQ2d at 1648. The accused device must contain each element of the patented device or its equivalent in order to infringe under the doctrine of equivalents. Valmont Indus., Inc. v. Reinke Mfg. Co., 983 F.2d 1039, 1043 n. 2, 25 USPQ2d 1451, 1455 n. 2 (Fed.Cir.1993). In the case of a means-plus-function claim, the doctrine requires "the patent owner to establish ... that the structure in the accused device which performs [the claimed] function is the same as or an equivalent of the structure disclosed in the specification." Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 934, 4 USPQ2d 1737, 1739 (Fed.Cir.1987) (in banc ), cert. denied, 485 U.S. 961 (1988).
 
 III.
 
 19
 This case turns on claim construction. The only limitation of claim 1 that is at issue is (i), which recites a "means for attaching [the] tool holder to the mounting points for a dismounted brake yoke."[2] In construing this limitation, the AJ concluded that "the function specified in [limitation (i) ] is for 'attaching' a tool holder to the mounting points for a dismounted brake yoke, not for preventing any rotation." Pro-Cut argues that the AJ erred in his claim construction. It contends that the function of attachment arm 7, the "means for attaching" recited in limitation (i), "is to prevent the lathe from rotating during a grinding operation." Pro-Cut continues that, "for the purposes of analysis under the doctrine of equivalents, the 'means for attaching' clause must be characterized as an anti-rotation device." Based upon this claim construction, Pro-Cut maintains that a vertical support rod on Hunger's lathe, "in combination with the overall lathe design," is interchangeable with the attachment arm on Pro-Cut's lathe. In Hunger's lathe, the vertical support rod prevents the lathe from rotating. According to Pro-Cut, the AJ's failure to understand the anti-rotation function of the attaching means in limitation (i) led him erroneously to conclude that the vertical support rod in the accused device was not an equivalent of that limitation.
 
 
 20
 In support of its anti-rotation function argument, Pro-Cut points to the specification of the '146 patent, which states that "[i]n the embodiment according to FIG. 2 the attachment arm 7 is furthermore intended to ascertain that the driving motor does not start to rotate and it thereby takes over the function of the supporting post 2 at embodiment according to FIG. 1." This statement of an anti-rotation function for the attachment arm, however, is limited to one embodiment of the claimed invention. The critical point is that there is no language in the claim itself that establishes this function as an element of limitation (i).
 
 
 21
 The doctrine of equivalents is not a license to ignore claim limitations. Pennwalt, 833 F.2d at 935, 4 USPQ2d at 1739. It would be error to expand the scope of limitation (i), which is directed toward attaching a tool holder to the mounting points for a dismounted brake yoke, by including an anti-rotation function in the claim. See Intervet Am., Inc. v. Kee-Vet Labs, Inc., 887 F.2d 1050, 1053, 12 USPQ2d 1474, 1476 (Fed.Cir.1989). It also would be error to read the attaching function out of limitation (i) altogether. See Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1532, 3 USPQ2d 1321, 1324 (Fed.Cir.1987). We would have to do so, however, in order to conclude that the vertical support rod of Hunger's device is the equivalent of the structure of and has the identical function of limitation (i), since nothing in Hunger's lathe attaches in any way to the mounting points for a dismounted brake yoke. We therefore conclude that the AJ's claim construction is free of error.
 
 
 22
 We also conclude that the AJ's finding of noninfringement under the doctrine of equivalents is supported by substantial evidence. With respect to whether any part of Hunger's lathe performed the same function as limitation (i) of the '146 patent, the AJ found as follows:
 
 
 23
 Since nothing on the accused lathe attaches the tool holder to the vehicle under repair at the holes for the dismounted brake yoke, the accused device does not contain any element having substantially the same function as disclosed in the "means for attaching" clause in claim 1 of the '146 patent, i.e. the function for attaching the tool holder to the mounting points for a dismounted brake yoke. In the accused device in issue, ... there is no means for attaching the structure known as the brake lathe to the dismounted brake yoke holes because the device is bolted to the hub of a car through the clutch adapter. The clutch device in ... the accused ... device[ ] ... is never attached to the holes of a dismounted brake yoke which only holds the brake pad.
 
 
 24
 With respect to the issue of whether the accused device had a part that operated in substantially the same way as limitation (i) of the '146 patent, the AJ found that the accused lathe
 
 
 25
 does not attach in any way to the mounting points for a dismounted brake yoke as called for in claim[ ] 1 of the '146 patent.... Nothing in the accused device is fixed to the tool holder, and nothing is attached to the mounting points for a dismounted brake yoke as specifically required by claim 1 of the '146 patent. Rather, the only means employed by the accused device for attaching the tool holder to the vehicle under repair is by bolting the clutch device to the rotor. Accordingly, the accused device does not perform the "attaching" function in substantially the same way as required by the '146 patent.
 
 
 26
 As for whether any part of Hunger's lathe produced substantially the same result as limitation (i) of the '146 patent, the AJ found that
 
 
 27
 because nothing on the accused lathe contains any structure or equivalent structure corresponding to the "attachment arm means" that attaches to the tool holder at one end and to the mounting points for a disc brake yoke at the other end, the accused device does not achieve "substantially the same result" as disclosed in the "means for attaching" clause of the '146 patent.
 
 
 28
 In sum, finding no error in the AJ's construction of limitation (i) of claim 1, and concluding that the AJ's finding that Hunger's device did not perform substantially the same function in substantially the same way to achieve substantially the same result as the invention of claim 1 is supported by substantial evidence, we affirm the Commission's decision that Hunger's device does not infringe the '146 patent.
 
 
 29
 Each side shall bear its costs.
 
 
 
 [1]
 As written, the claim appears in a single paragraph. To aid understanding, we have added letters designating each limitation of the claim
 
 
 [2]
 It is undisputed that all of the other limitations of claim 1 are met in the accused device